<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4679**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ERIC SCOTT BARKER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:04-cr-00086-IMK-2)

Submitted: April 6, 2012                    Decided:  April 25, 2012

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Scott Barker appeals the district court's judgment revoking supervised release and sentencing him to eighteen months' imprisonment and thirty months' supervised release. Counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious issues for appeal but raising for the court's consideration the reasonableness of the sentence. Barker was notified of the opportunity to file a pro se brief, but declined to do so. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). The court first considers whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, the court takes a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if this court finds the sentence procedurally or substantively unreasonable, must the court decide whether it is "plainly" so. Id. at 657.

2

While a district court must consider Chapter Seven's policy statements and the statutory provisions applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and it has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a court must provide a statement of reasons for the sentence imposed, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We conclude that Barker's sentence was both procedurally and substantively reasonable. We note that there was no error with the calculation of the Guidelines sentence. We further note that the district court considered the parties arguments for an appropriate sentence.

In accordance with Anders, we have reviewed the record and the transcript and find no error with Barker's sentence nor any meritorious issues for appeal. We therefore affirm Barker's sentence. This court requires that counsel inform Barker, in writing, of the right to petition the Supreme Court of the United States for further review. If Barker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

3

leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Barker.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED